UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAVIER MARTINEZ,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>LOWELL CLARK, et al.,<br><br>　　　　　　　Respondents. | Case No. C18-1669-RAJ-JPD<br><br>ORDER FOR RETURN AND STATUS REPORT, § 2241 PETITION |

Petitioner Javier Martinez is currently being held in detention by U.S. Immigration and Customs Enforcement. Petitioner, through counsel, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in which he asserts that his detention is unlawful. He requests therein that the Court order he be released from custody, either without bond or with bond in an amount determined by this Court. Petitioner requests in the alternative that the Court issue an order declaring that petitioner is eligible to be released on bond and directing that the immigration court hold an individualized bond hearing before an immigration judge to establish a reasonable bond or conditions for release. Petitioner has also filed a motion for temporary restraining order seeking expedited review and relief.

The Court, having reviewed petitioner's petition, his motion for temporary restraining

ORDER FOR RETURN AND STATUS
REPORT, § 2241 PETITION - 1

order, and the balance of the record, hereby finds and ORDERS:

(1) If not previously accomplished, electronic posting of this Order and petitioner's § 2241 habeas petition shall effect service upon the United States Attorney of the petition and all supporting documents, and of the motion for temporary restraining order. Service upon the United States Attorney is deemed to be service upon the named respondents.

(2) **Within 30 days of the date this Order is posted,** respondent(s) shall show cause why a writ of habeas corpus should not be granted by filing a return as provided in 28 U.S.C. § 2243. As a part of such return, respondent(s) shall submit a memorandum of authorities in support of their position, and should state whether an evidentiary hearing is necessary. Respondent(s) shall file the return with the Clerk of the Court and shall serve a copy upon petitioner.

(3) As to petitioner's motion for temporary restraining order, petitioner has not demonstrated, as is required by Rule 65(b) of the Federal Rules of Civil Procedure, that he will suffer immediate and irreparable injury, loss, or damage before respondent can be heard in opposition. The Court therefore construes petitioner's motion as one for preliminary injunction rather than as one for a temporary restraining order. At the same time respondents file their return to petitioner's petition, they shall respond to petitioner's motion for preliminary injunction, either by including responsive arguments in their return or by filing a separate response.

(4) Respondents' return will be treated in accordance with LCR 7. Accordingly, on the face of the return, respondent(s) shall note it for consideration on the fourth Friday after it is filed, and the Clerk shall note the return accordingly. Petitioner may file and serve a response not later than the Monday immediately preceding the Friday appointed for consideration of the

ORDER FOR RETURN AND STATUS
REPORT, § 2241 PETITION - 2

matter, and respondent(s) may file and serve a reply brief not later than the Friday designated for consideration of the matter. Petitioner's motion for preliminary injunctive relief will be deemed ripe for consideration on the same date as the underlying petition.

(5) If petitioner's custody status changes at any point during this litigation, respondents shall file a status update with the Court as soon as possible and no later than 14 days after the change.

(6) The Clerk shall direct a copy of this Order to counsel for petitioner, to the United States Attorney for the Western District of Washington, and to the Honorable Richard A. Jones.

DATED this 21st day of November, 2018.

JAMES P. DONOHUE
United States Magistrate Judge

ORDER FOR RETURN AND STATUS
REPORT, § 2241 PETITION - 3