HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAVIER MARTINEZ

    Petitioner,

v.

LOWELL CLARK, *et al.*,

    Respondents.

Case No. 18-cv-01669-RAJ

**ORDER ADOPTING REPORT AND RECOMMENDATION**

## I. INTRODUCTION

Before the Court is Respondents' Objections to the May 23, 2019 Report and Recommendation of the Honorable Mary Alice Theiler and his Motion to Appoint Counsel. Dkt. # 18. For the reasons below, and having considered Respondents' objections, the Court **ADOPTS** the Report and Recommendation.

## II. DISCUSSION

Petitioner, who is currently detained at the Northwest Detention Center in Tacoma, Washington, bring a 28 U.S.C. § 2241 immigration habeas action through counsel. He contends that his prolonged mandatory detention without a bond hearing violates the Fifth and Eighth Amendments. Dkt. # 1. He seeks immediate release or, in the alternative, a bond hearing before an immigration judge. *Id.* Petitioner also filed a motion for a temporary restraining order seeking immediate release pending resolution of the lawsuit or, in the alternative, expedited review of this action. Dkt. # 4. The Government moved

ORDER – 1

to dismiss and opposed petitioner's motion for preliminary injunction. Dkt. # 7. Magistrate Judge Theiler recommended that Petitioner's habeas petition and the Government's motion to dismiss both be granted in part and denied in part. Dkt. # 17. Specifically, Magistrate Judge Theiler found that Government should be ordered to provide petitioner with an appropriate bond hearing because his current prolonged detention violates the Due Process Clause, but his other claims and requests for relief should be denied. *Id.* The Court also recommends that petitioner's motion for a preliminary injunction be denied as moot. *Id.*

The Government makes three arguments in its opposition to the Report and Recommendation. Dkt. # 18. The Government argues that: (1) the statute, 8 U.S.C. §1226(c), does not provide for a bond hearing; (2) assuming that due process requires a bond hearing after prolonged detention, only one factor should be considered in determining whether detention has become prolonged, *i.e.*, whether the Government has unreasonably delayed the removal proceedings; (3) if detention becomes unreasonably prolonged and a bond hearing is required, the Government should not have the burden of proving by clear and convincing evidence justification for further detention. *Id.*

Having considered the Government's objections, the Court **ADOPTS** the Report and Recommendation. First, despite the statutory language of 8 U.S.C. §1226(c), the Ninth Circuit offers "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional . . . ." *Rodriguez v. Marin ("Rodriguez IV")*, 909 F.3d 252, 256 (9th Cir. 2018). And as Magistrate Theiler observed, essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, "will—at some point—violate the right to due process." Dkt. # 17 at 13 (quoting *Sajous v. Decker*, No. 18-2447, 2018 WL 2357266, at *8 (S.D.N.Y. May 23, 2018)). Second, the multi-factored test adopted by Magistrate Judge Theiler has been relied upon by many courts to determine whether a § 1226(c) detention has become unreasonable. Third, the Government's contention that it should not have the burden of proving by clear and convincing evidence justification for further

ORDER – 2

detention is without merit. Ninth Circuit jurisprudence holds that to detain a noncitizen for a prolonged period of time while removal proceedings are pending, due process requires the government to show by clear and convincing evidence that the detainee presents a flight risk or a danger to the community at the time of the bond hearing. *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011); *Calderon-Rodriguez v. Wilcox*, 374 F.Supp.3d 1024, 1032-33 (9th Cir. 2019).

### III.  CONCLUSION

For the reasons above, and having considered Respondents' objections, the Court **ADOPTS** the May 23, 2019 Report and Recommendation of the Honorable Mary Alice Theiler.

DATED this 30th day of October, 2019.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3